PER CURIAM.
Audio Applications, Inc. [“Audio”], the insured, sought coverage from its insurer, State Farm Fire and Casualty Co. [“State Farm”], to defend Audio against an action brought in federal court in March of 1990 for injuries allegedly sustained by Lanier Worldwide [“Lanier”] as a result of a yellow page advertisement purchased in September of 1989 by Audio. It was alleged that the advertisement was offensive to Lanier.
In April of 1989, State Farm issued a renewal business liability insurance policy to Audio which included coverage against personal injury resulting from Audio’s advertising activities. The policy period ran from April 17, 1989 to April 17, 1990. On August 30, 1989, State Farm filed a broadened form policy for approval with the Insurance Commissioner for the State of Florida. The broadened form policy provided coverage for advertising injuries, separate from personal injuries, “... caused by an occurrence committed in the coverage territory during the policy period.” In its application to the Insurance Commissioner for approval of the broadened form policy, State Farm stated: “We respectfully request your approval of our filing to be effective on December 15, 1989 for new business and April 15, 1990 for renewals.” State Farm initially provided Audio with a defense to the Lanier action, but on June 14, 1990, State Farm abandoned its defense of the Lanier action, stating there was no coverage.
On September 11, 1990, Audio commenced this declaratory judgment action against State Farm in state circuit court. Both Audio and State Farm filed motions for summary judgment. The trial court found there was no coverage or duty to defend on the part of State Farm.
The true question before us is not when the broadened form policy applies to Audio’s already existing policy, but to which policies it applies. It is clear from State Farm’s application to the Insurance Commissioner that it was seeking approval to have the broadened form policy apply only to new policies as of December 15, 1989, and to renewal policies as of April 17, 1990. Because Audio’s policy with State Farm was not due to be renewed until April 17, 1990, Audio would not have been entitled, prior to its policy renewal on April 17,1990, to the benefits that the broadened form policy would provide.
*225 We affirm the trial court’s entry of summary final judgment on the basis that State Farm had no duty to provide coverage.
Affirmed.